IN THE SUPREME COURT OF TEXAS
 
════════════
No. 
09-0665
════════════
 
Terry Leonard, P.A., and April 
Dawn Hain, M.D., Petitioners,
 
v.
 
Andre Glenn, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the 
Fourth District of Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
            
Respondent Andre Glenn sued petitioners Terry Leonard, P.A., and her 
supervisor, April Dawn Hain, M.D., both employees of Bexar County Hospital District d/b/a 
University Health System on health care liability claims after Leonard diagnosed 
Glenn with gout and prescribed Indomethacin, which led 
to Glenn’s kidney failure. Leonard and Hain moved to 
dismiss the suit under section 101.106(f) of the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code § 
101.106(f), alleging that the suit was based on conduct within the general scope 
of their employment could have been brought against UHS. Glenn did not file a 
motion to amend his petition to name UHS as a defendant, but instead disputed 
whether he could have brought claims against UHS.
            
The trial court denied the defendants’ motions to dismiss under section 
101.106(f) , as well as the defendants’ objections to 
the plaintiff’s expert report and motion to dismiss under Tex. Civ. Prac. & Rem. Code § 
74.351, and the defendants brought an interlocutory appeal. The court of appeals 
affirmed on both issues. 293 S.W.3d 669, 684 (Tex. App.–San Antonio 
2009).
            
While this case has been pending on appeal, we have decided Franka v. Velasquez, ___ S.W.3d ___ (Tex. 
2011), holding among other things that, for purposes of Tex. Civ. Prac. & Rem. Code § 
101.106(f), a tort action is brought “under” the Texas Tort Claims Act, even if 
the government has not waived its immunity for such actions. ___ S.W.3d at ___. In light of Franka, we grant Leonard’s and Hain’s petition for review and without hearing oral 
argument, reverse the court of appeals’ judgment and remand the case to the 
court of appeals for further proceedings. Tex. R. App. P. 59.1.
 
Opinion delivered: January 21, 
2011